## ALLEN *et al. vs.* DAVIS.

1. Where two deeds were made by the same grantor conveying the same property to different persons, and the question at issue in an action of ejectment, was which chain of title should prevail, the grantor is a competent witness, notwithstanding the death of the first grantee, to show that the first deed was based upon no consideration, and was executed simply to avoid the land being made subject to the payment of his debts. Such testimony was certainly not in his own favor, and whilst he was the plaintiffs' lessor who held under the first deed, he was also the warrantor of the title under which the defendant held, and his interest was therefore equally balanced.

2. The verdict was in accordance with the law and the evidence.

Witness. New trial. Before Judge ERWIN. Gwinnett Superior Court. September Term, 1879.

Reported in the opinion.

WINN & SIMMONS, for plaintiffs in error.

CLARK & PACE; N. L. HUTCHINS, for defendant.

CRAWFORD, Justice.

The plaintiffs in error brought suit to recover one-third interest in 366½ acres of land in the possession of Thomas J. Davis, the defendant in error, and supported their right to recover upon the following chain of title: Deed from Absalom R. Allen to Thomas V. Allen, dated September 1st, 1848; consideration, $900.00. Deed from Thomas V. Allen to Jesse Love, trustee for Rebecca Allen, grantor's mother, for life, with remainder to himself, James Allen and Pressley M. Allen, dated July 14th, 1852; consideration, natural love and affection. Deed from James Allen to Mary Smith for one third interest in the same lands after the death of Rebecca Allen, dated January 12th, 1856; consideration, $100.00. Deed from Mary Smith to James B. Allen and Mary A. Townley, the plaintiffs, to one third interest in the same lands after death of Rebecca Allen, dated May 6th, 1858; consideration, love and affection and $100.00.

It was shown by the proof that all these parties occupied the land from 1837 until the defendant, Davis, went into possession; that Rebecca died in 1877; that James B. Allen and Mary A. Townley were the children of Thomas V. and Pressley M. Allen.

The defendant, Davis, submitted a deed from Rebecca Allen, Thomas V. Allen, as her trustee, James Allen, Pressley M. and Thomas V. Allen, dated March 4th, 1869; consideration, $1,000.00; a sheriff's deed to one-third interest in this same land, levied upon and sold under a judgment dated September 16th, 1856, and *fi. fa.* upon it against James Allen in favor of Clark & Lamar, as the property of the said James Allen, the said sale taking

place May 4th, 1869. The depositions of James Allen were then admitted over plaintiffs' objections, and in which he testified that his deed to Mary Smith was without consideration, and made to prevent Clark from selling his interest in the land; that there was an understanding between his two brothers and himself that it should be made over to the plaintiffs, who were their children, to keep it from being sold to pay his debts; that this deed was turned over to defendant, Davis, when he bought the land, and was in his possession when he saw it last. He joined in making the deed with his mother and brothers to Davis.

It was admitted by counsel that the debt of Clark was an existing one when James Allen made the deed to Mary Smith, and testimony submitted that Allen was a poor man and had no visible property.

The jury, under this evidence and the charge of the court, returned a verdict for the defendant. The plaintiffs submitted a motion for a new trial—

1. Because the court erred in allowing the depositions of James Allen to be read and considered, to affect the deed to Mary Smith, she having died, and each being lessors of the plaintiffs with opposing interests.

2. Because the verdict of the jury was contrary to law and contrary to evidence.

The court refused the motion, and the plaintiffs excepted.

1. Was the testimony of James Allen, under the evidence act of 1866, inadmissible? Had *he* been seeking to recover this land conveyed by him to Mary Smith back from her estate, or from those to whom she had conveyed it, he could not have been a witness in his own favor because of her death, but in this case he was called by the *adverse party* to testify, and was not admitted by the court to testify *in his own favor*. His deed to Mary Smith had been offered in evidence; it purported to have been in consideration of $100.00, and it was offered by the plain-

tiffs, when he was called by the other party in rebuttal, and in no view to testify in his own behalf.   He had made deeds to Mary Smith and to the defendant, Davis; he was, therefore, a competent witness *except in his own favor*. He had no opposing interests about which he was incompetent to testify, as he was introduced.   Whilst he was one of the lessors of the plaintiffs, he was also a warrantor of Davis' title, and his interest was, therefore, equally balanced between them, and he did not appear as a witness to take any beneficial interest in the event of the suit as against Mary Smith, or, indeed, any one else.

2. We think that under the law and the evidence as it appears in the record, that the jury made a proper verdict, and as there was no error of law on the part of the court, that the motion for a new trial was properly overruled.

Judgment affirmed.